## Tasa Coal Company v. Chutz

*Plowman & Spiegel,* for plaintiff.

*M. L. McBride, Jr.,* and *Martin E. Cusick,* for defendants.

STRANAHAN, P.J., July 13, 1972.—The matter presently before the court is a motion for resumption of deposition and production of documents.

This is a suit brought by plaintiff against defendants in an effort to recover certain money alleged due plaintiff for the mining and marketing of coal. Plaintiff has made an effort to take the deposition of John Chutz but during the course of the deposition, John Chutz refused to produce certain records requested by plaintiff and to answer any questions concerning the amount of coal that had been mined in the disputed area.

As a result of this, plaintiff is now in court asking that this court dispose of the controversy and establish certain guidelines as to what information must be

provided by John Chutz when the deposition resumes and what documents, if any, he must produce.

Pennsylvania Rule of Civil Procedure 4007 provides that a deposition may be taken of any person, including a party, for the purpose of either discovering witnesses or obtaining information. The rule is quite broad and has been quite liberally construed and permits the taking of depositions on any matter providing it is relevant to the subject matter involved in the action and will substantially aid in the preparation of trial of the case.

In Garrett v. Gulf Oil Corporation, 6 Mercer L.J. 409, this court adopted the logical position that Rule 4007 must be broadly interpreted to include a finding of relevancy if there is any conceivable basis for it to exist.

We conclude that the matters inquired into by plaintiff might conceivably be relevant and we, therefore, believe that the objection concerning relevancy raised by counsel for John Chutz at the time of deposition has no merit.

The problem here, however, is to a certain extent more difficult than this, because plaintiff desires that some records of the Penn Grove Coal Company be produced by defendants so that plaintiff may make an examination of these records.

The objection to this is based on the fact that Pa. R. C. P. 4009, which deals with the right to inspection, provides that such a right is limited to a party. Since the Penn Grove Coal Company is not a party to this case, it does not appear to this court that under the present state of the record the Penn Grove Coal Company could be required to produce its records for the purpose of inspection.

The pleadings here do not allege that the Penn Grove Coal Company is an entity formed for fraudulent pur-

poses or for any other reason that would permit the court at this juncture to concern itself with piercing the corporate veil.

It is apparently plaintiff's position that Penn Grove Coal Company is owned by defendants and, therefore, plaintiff has a right to require the corporation to produce its records. We do not believe that is correct.

We believe that the purpose of rule 4007 is to permit a litigant to obtain information from a party who may possess relevant information, and, if after the obtaining of such information it appears that such party should be made a defendant, then the plaintiff has that right and once the party becomes a defendant, then under rule 4009 the party's records can be examined.

Applying that to the present case, we conclude as follows:

1. Defendants must produce all records showing the amount of coal removed, mined or sold by them, or any of them, in the area described in plaintiff's complaint since the date of the agreement between plaintiff and defendants. We rule, however, that the records of the Penn Grove Coal Company are not subject to inspection in this regard. We do rule, however, that defendants may be interrogated orally as to any knowledge they may have concerning the activities of the Penn Grove Coal Company, since we believe that this matter is relevant.

2. We direct defendants to produce copies of any contracts that they may have between them and the Penn Grove Coal Company, since we believe that these contracts are relevant and are subject to inspection under rule 4009.

3. We direct that defendants shall answer any questions concerning ownership of Penn Grove Coal

Company from the time it may have been first acquired by Chutz Brothers, and we further direct that defendants shall produce for inspection any evidence of ownership of the Penn Grove Coal Company which may be the property of any particular defendant. This would include, but not be limited to, stock certificates, agreements to purchase interest in the company, etc., in which any of the defendants may be a party.

4. The request that all Federal tax records of the Penn Grove Coal Company dating from the alleged acquisition by Chutz Brothers be produced is refused for the reason that, under rule 4009, Penn Grove Coal Company is not a party to this suit.

5. Defendants are required to produce all contracts and/or leases to which any of the defendants have been a party with respect to the area described in plaintiff's complaint, which contracts or leases were in effect at any time since the date of agreement between plaintiff and defendants. This includes any contracts or leases that defendant may have had with Penn Grove Coal Company as well as any other contracts or leases that may be involved in regard to the particular area.

We are of the opinion that plaintiff has the right to this information in order to determine whether or not Penn Grove Coal Company should be made a party to this suit. If, after taking the deposition, plaintiff adds Penn Grove Coal Company as a party to this suit, then it is this court's opinion that, under rule 4009, the Penn Grove Coal Company would be required to produce its records for inspection.

## ORDER

And now, July 13, 1972, it is ordered as follows:

1. Defendants must produce all records showing the amount of coal removed, mined or sold by them,

or any of them, in the area described in plaintiff's complaint since the date of the agreement between plaintiff and defendants. We rule, however, that the records of the Penn Grove Coal Company are not subject to inspection in this regard. We do rule, however, that defendants may be interrogated orally as to any knowledge they may have concerning the activities of the Penn Grove Coal Company, since we believe that this matter is relevant.

2. We direct defendants to produce copies of any contracts that they may have between them and the Penn Grove Coal Company, since we believe that these contracts are relevant and are subject to inspection under rule 4009.

3. We direct that defendants shall answer any questions concerning ownership of Penn Grove Coal Company from the time it may have been first acquired by Chutz Brothers, and we further direct that defendants shall produce for inspection any evidence of ownership of the Penn Grove Coal Company which may be the property of any particular defendant. This would include, but not be limited to, stock certificates, agreements to purchase interest in the company, etc., in which any of the defendants may be a party.

4. The request that all Federal tax records of the Penn Grove Coal Company dating from the alleged acquisition by Chutz Brothers be produced is refused for the reason that, under rule 4009, Penn Grove Coal Company is not a party to this suit.

5. Defendants are required to produce all contracts and/or leases to which any of the defendants have been a party with respect to the area described in plaintiff s complaint, which contracts or leases were in effect at any time since the date of agreement between plaintiff and defendants. This includes any contracts

or leases that defendant may have had with Penn Grove Coal Company as well as any other contracts or leases that may be involved in regard to the particular area.